GOGO_C.mtn

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910-5059
TEL: (671) 472-7332
FAX: (671) 472-7215

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM
SEP -7 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CYNTHIA REYES GOGO, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIMINAL CASE NO. 02-00056 <br><br> **UNITED STATES MOTION TO MODIFY JUDGMENT, TRANSFER AND REFUND FUNDS** |

COMES NOW, Plaintiff, UNITED STATES OF AMERICA, by and through its undersigned attorney, hereby motions the Court for an order to substitute the correct victim in the above-referenced case, reduce the restitution amount on the judgment, transfer and refund funds in the Court Registry and request the U.S. Department of Veterans Affairs to transfer funds, and in support states as follows:

1. On November 26, 2002, this Court imposed sentence against Defendant CYNTHIA REYES GOGO (hereinafter referred to as "Defendant GOGO") and ordered that restitution in the amount of $6,126.00 be paid to the Department of U.S. Veteran's Affairs. See Exhibit "A."

2. The Defendant was convicted of passing altered money orders in violation of 18 U.S.C. §§ 500 and 2, and, among other things:

    a. Defendant GOGO was an employee of the Government of Guam, Veterans Affairs Office.

b. Victim One (Felicidad Wenceslao) purchased three (3) First Hawaiian Bank Personal Money Orders in the total amount of $2,228.00 and gave them to Defendant GOGO at her place of employment for the purpose that they be forwarded to the Department of U.S. Veteran's Affairs in Hawaii for payment towards Victim One's deceased husband's account. Instead, Defendant GOGO caused another person to cash the money orders for her. Victim One's account at her bank was debited the amount of $2,228.00 by the Department of U.S. Veteran's Affairs when the agency did not receive the money orders.

c. Victim Two (Yvonne Terlaje) purchased eleven (11) U.S. Postal Money Orders in the total amount of $7,526.00 and gave them to Defendant GOGO at her place of employment for the purpose that they be forwarded to the Department of U.S. Veteran's Affairs in Hawaii for payment towards Victim Two's deceased parent's account. Instead, Defendant GOGO altered the money orders. Three (3) $700.00 money orders were altered to reflect payment to the Department of U.S. Veteran's Affairs Office but for the account of Victim One (Felicidad Wenceslao). Defendant GOGO sent a $700.00 payment to the Department of U.S. Veteran's Affairs as payment on behalf of Victim Two (Yvonne Terlaje). Victim Two's initial loss of $7,526.00 is offset by $700.00 and should reflect a total loss to $6,826.00.

3. Mr. Ben Guerrero from the Government of Guam, Veterans Affairs Office signed a Declaration of Loss on October 15, 2002 for the total amount of $9,754.00. See Exhibit "B."

4. On about May 15, 2003, the Clerk's office of the U.S. District of Guam advised that certain disbursement checks were returned by the restitution recipient Department of U.S. Veteran's Affairs. See Exhibit "C."

5. On about April 5, 2005, the Department of U.S. Veteran's Affairs, Regional Counsel's Office advised that their agency did not suffer a loss. See Exhibit "D." On about April 29, 2005, Miles Miyamoto, of said agency advised that a total amount of $2,100.00 was collected in November 2001 from Victim One (Felicidad Wenceslao) and is currently being held as an overpayment on the account with them. This amount of $2,100.00 should be credited to Victim Two's (Yvonne Terlaje) deceased parent's account and the agency has agreed to hold off refunding Victim One (Felicidad Wenceslao) such overpayment.

6. On about April 19, 2005, Renee Martinez, Financial Administrator for Clerk's Office, U.S. District Court of Guam advised that Victim One (Felicidad Wenceslao) has received in full the restitution owed her.

7. Defendant GOGO has paid a total of $8,240.00 as of August 10, 2005. See Exhibit "E." Interest accrues at the legal rate of 1.53% and an interest balance of $213.81 remains outstanding as of August 10, 2005. Penalties in the amount $115.00 are also outstanding as of August 10, 2005.

WHEREFORE, the United States of America respectfully requests that this Court order the following:

1. The judgment should reflect the restitution recipients and amounts as follows:
    (a) Yvonne G. Terlaje     $4,726.00
    (b) Felicidad Wenceslao     $2,228.00

2. The restitution amount should reflect $6,954.00.

3. The Department of U.S. Veteran's Affairs is requested to apply the overpaid amount of $2,100.00 on Victim One's (Felicidad Wenceslao) deceased husband's account to Victim Two's (Yvonne Terlaje) deceased parent's account.

4. The amount of $1,047.19 shall be refunded to Defendant GOGO ($8,240.00 - $6,954.00 - $123.81 interest balance - $115.00 penalty balance). Any further payments made by Defendant GOGO after August 10, 2005 be refunded to her.

//
//
//
//
//
//
//
//
//

5. The amount of $115.00 shall be transferred to fund 109900 in full satisfaction of the penalty imposed against Defendant GOGO.

6. The amount of $4,726.00 plus any entitled interest shall be disbursed to Yvonne G. Terlaje at the address to be provided by our office in full satisfaction of restitution owed her.

RESPECTFULLY SUBMITTED this 2nd day of September, 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney
Attorneys for the Plaintiff

APPROVED:

F. MICHAEL CRUZ
Chief Probation Officer
Districts of Guam and the NMI

# UNITED STATES DISTRICT COURT

District of     GUAM

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| **CYNTHIA REYES GOGO** | Case Number: CR-02-00056-001 |
| | **ROBERT HARSTOCK, Federal Public Defender** |
| | Defendant's Attorney |

**FILED**
DISTRICT COURT OF GUAM
DEC 02 2002
MARY L. M. MORAN
CLERK OF COURT

**THE DEFENDANT:**

X pleaded guilty to count(s)   1

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 500 and 2 | PASSING ALTERED MONEY ORDERS | 07/01/2002 | 1 |

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: [redacted]

Defendant's Date of Birth: [redacted]

Defendant's USM No.: 02299-093

Defendant's Residence Address:

[redacted]

SINAJANA, GUAM 96910

Defendant's Mailing Address:

[redacted]

AGATNA, GUAM 96932

11/26/2002
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

**JOHN S. UNPINGCO, U.S. DISTRICT COURT JUDGE**
Name and Title of Judicial Officer

DEC 02 2002
Date

EXHIBIT A

DEFENDANT: **CYNTHIA REYES GOGO**
CASE NUMBER: **CR-02-00056-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of **30 DAYS**.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

X  The defendant shall surrender to the United States Marshal for this district:

    X at __12:00__ ☐ a.m. X p.m. on **DECEMBER 3, 2002**.
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

                                                          UNITED STATES MARSHAL

                 By _____
                       DEPUTY UNITED STATES MARSHAL

DEFENDANT: **CYNTHIA REYES GOGO**
CASE NUMBER: **CR-02-00056-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term  **3 YEARS**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

X  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CYNTHIA REYES GOGO
CASE NUMBER: CR-02-00056-001

# ADDITIONAL SUPERVISED RELEASE TERMS

1. DEFENDANT SHALL OBEY ALL FEDERAL, STATE, AND LOCAL LAWS.

2. DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS OF PROBATION AS SET FORTH BY THE U.S. PROBATION OFFICE.

3. DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.

4. DEFENDANT SHALL NOT USE OR POSSESS ILLEGAL CONTROLLED SUBSTANCES; AND SHALL SUBMIT TO ONE URINALYSIS WITHIN 15 DAYS OF RELEASE FROM IMPRISONMENT AND TO TWO MORE URINALYSIS THEREAFTER. THIS DRUG CONDITION IS SUSPENDED BASED ON THE COURT'S DETERMINATION THAT THE DEFENDANT POSES A LOW RISK OF FUTURE SUBSTANCE ABUSE.

5. DEFENDANT SHALL PAY RESTITUTION IN THE AMOUNT OF $8,354.00. THE AMOUNT OF $3,000.00 IN THE COURT'S REGISTRY SHALL BE APPLIED TO THE RESTITUTION FOLLOWING SENTENCING. PAYMENTS SHALL BE REMITTED TO THE CLERK OF COURT, 4TH FLOOR, U.S. COURTHOUSE, 520 WEST SOLEDAD AVENUE, HAGATNA, GU 96910, WHICH SHALL BE DISBURSED TO THE VICTIMS:

    DEPARTMENT OF U.S. VETERAN'S AFFAIRS
    MEDICAL AND REGIONAL OFFICE CENTER
    459 PATTERSON ROAD
    HONOLULU, HI 96819-1522                AMOUNT: $ 6,126.00

    FELICIDAD WENCESLAO
    ▬▬▬▬▬▬▬▬▬▬▬▬▬▬
    DEDEDO, GUAM 96929                     AMOUNT: $2, 228.00

6. DEFENDANT SHALL NOT INCUR ANY NEW LINES OF CREDIT OR DEBTS WITHOUT PRIOR NOTICE AND APPROVAL OF THE U.S. PROBATION OFFICE.

7. DEFENDANT SHALL SUBMIT FINANCIAL STATEMENTS TO THE U.S PROBATION OFFICE UPON REQUEST.

8. DEFENDANT SHALL PERFORM 200 HOUR(S) OF COMMUNITY SERVICE.

AO 245B (Rev. 3/01) Judgment in a Criminal Ca
Sheet 5 — Criminal Monetary Penaltie.

Judgment — Page 5 of 5

DEFENDANT: CYNTHIA REYES GOGO
CASE NUMBER: CR-02-00056-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ WAIVED | $ 8,354.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Department of U.S. Veteran's Affairs<br>Medical and Regional Office<br>459 Patterson Road<br>Honolulu, HI 96819-1522 | $6,126.00 | $6,126.00 | |
| Felicidad Wenceslao<br>███████████<br>Dededo, Guam 96929 | $2,228.00 | $ 2,228.00 | |
| TOTALS | $ 8,354.00 | $ 8,354.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

# United States District Court
## District of Guam

United States of America ) USDC Cr. Cs. No. 02-00056-001
)
v. )
)
Cynthia R. Gogo )
)

### AFFIDAVIT

This is to certify that I am a victim in the above referenced criminal case. The Probation Officer has I am entitled to restitution and therefore, I claim that the sustained loss as a result of this offense is $9,754.00.

/ / To support this claim, I have provided the following:

_____
_____
_____
_____

/ / I have also sustained other losses (psychological, social, or medical impact) as a result of this offense. These losses include:

_____
_____
_____
_____

In addition, the Probation Officer has provided the following information, in accordance with the provisions of 18 USC §3664(d)(2):

Offense of Conviction: PASSING ALTERED MONEY ORDERS, 18 U.S.C §§500 and 2
Date of Conviction: AUGUST 8, 2002
Date and Place of Sentencing: NOVEMBER 26, 2002 AT 1:30 P.M. - U.S. DISTRICT COURT OF GUAM

I declare under penalty of perjury that the above information is true and correct.

DATED this 15TH day of OCTOBER, 2002.

_____
(signature of victim)

Mailing Address: BLDG 105/107, "M" STREET
TIYAN, GU 96929

**EXHIBIT B**

**Department of Veterans Affairs**
Spark M. Matsunaga
Medical and Regional Office Center
459 Patterson Road
Honolulu HI 96819-1522

OFFICIAL BUSINESS
Penalty for private use $300

TO: USAO
Attn Michelle
472-7334

*[Honolulu postmark: MAY 09 '03]*
*[Guam MPO 21:46]*

United States District Court
Office of the Clerk
Hagatna, Guam 96910

**RECEIVED MAY 13 2003 DISTRICT COURT OF GUAM HAGATNA, GUAM**

96910/9999

---

**United States Treasury** 15-51/000

DISTRICT COURT AGANA, GU

4694-00033049
Check No. 33049

01 31 03

Pay to the order of:
DEPARTMENT OF U.S. VETERAN'S AFFAIRS
MEDICAL AND REGIONAL OFFICE CENTER
459 PATTERSON ROAD
HONOLULU, HI 96819-1522

$**2,117*00

VOID AFTER ONE YEAR

CR-02-056, GOGO
RESTITUTION PAYMENT
REF. NO. VOU- 943040004(

M. MORAN
...SING OFFICER

*Handwritten note: 5/6/03 "To Whom it may concern, We believe these 2 checks belong to State VA office. Thanks, Cristy"*

"46948"  :000000518: 0003

---

**United States Treasury** 15-51/000

DISTRICT COURT AGANA, GU

4694-00033615
Check No. 00033615

RESTITUTION
04 09 03

Pay to the order of:
DEPARTMENT OF US VETERAN'S AFFAIRS
CR 02-00056 CYNTHIA R GOGO
MEDICAL & REGIONAL OFFICE CTR
459 PATTERSON ROAD
HONOLULU , HI 96819-1522

$*******219*00

VOID AFTER ONE YEAR

REF. NO.
DISBU...

**EXHIBIT C**

"46948"  :000000518: 00033615



# DEPARTMENT OF VETERANS AFFAIRS
### San Francisco Regional Counsel
Honolulu Area Office
459 Patterson Road
Honolulu, HI 96819-1522
(808) 433-0136
FAX (808) 433-0386

## TRANSMITTAL LETTER

```
( )  HAND DELIVERED
( )  OFFICE ROUTING
( )  MAILED
(X)  FAX - THIS COVERSHEET SHOULD BE FOLLOWED BY 1 PAGE(S).
```

DATE: April 5, 2005

THRU:
TO: Michelle Perez
CC:

FROM: Miles Miyamoto

SUBJ: Restitution-Cynthia Reyes Gogo

---
### DESCRIPTION
---

See Remarks

---
TRANSMITTED FOR:

```
( ) Your information and files      ( ) Your approval
( ) Your signature and return       ( ) Your review and comments
( ) Your signature and forward-     ( ) Per your request
    ing as indicated below          (X) See remarks below
( ) Action
```
---

Ms. Perez,

I am responding to your most recent request that the Department of Veterans Affairs certify that it is entitled to restitution payment from Cynthia Reyes Gogo. While we would like very much to receive restitution payment, I again inform you that we cannot identify a basis for certification. As discussed with you last year, unless you provide us with the details of this case, we can only guess as to what transpired in the Guam Court. Without further explanation from you, we must continue to respond based on our understanding of the facts.

It appears to us that Ms. Gogo was somehow connected to the Territory of Guam Veterans Affairs Office. The Guam VAO is not a part of the Federal Government's Department of Veterans Affairs. It appears that, while Ms. Gogo worked as a volunteer or employee of the Guam VAO, she received and altered two money orders made payable to the Department of Veterans Affairs by Yvonne Terlaje. She then converted the money orders. If these facts are correct, the Department of Veterans Affairs never had possession of the money orders. In commercial terms, the Department of Veterans Affairs was never a holder in due course. Put another way, Ms. Gogo could not have stolen money orders from the Department of Veterans Affairs because the Department of Veterans Affairs never possessed the money orders. This is why our Fiscal Service did not reduce an overpayment and declines to certify that the Department of Veterans Affairs is entitled to restitution.



EXHIBIT D

The above notwithstanding, we would be pleased to confirm that any amount received from the Court will be applied to the account of Francisco and/or Dorthea L. Terlaje. Again, this does not mean that the Department of Veterans Affairs will certify that it is entitled to restitution for stolen money orders.

Please let me know if you believe that our understanding of the facts is not accurate or complete.

# Perez, Michelle

**From:** miles.miyamoto@va.gov
**Sent:** Friday, April 29, 2005 12:19 PM
**To:** Perez, Michelle; shirley.mcnamara@vba.va.gov
**Subject:** FW: Wenceslao

Shirley,

Michelle Perez explains that the Guam Court ordered restitution in the amount of $2,228.00 to Mrs. Wenceslao. As such, refunding $2,100.00 to Wenceslao would create an undue windfall. Please place a hold on any refund to Wenceslao until we receive further direction from the Court in Guam. I understand that the U.S. Attorney has gone back to the Court for further instructions. I have copied Michelle Perez on this e-mail.

---

**From:** McNamara, Shirley, VBAHONO
**Sent:** Thursday, April 28, 2005 9:25 AM
**To:** Miyamoto, Miles
**Subject:** RE: Wenceslao

Miles,

A C&P overpayment was established to Mr. Wenceslao's account, C# 25-647-576. He died 08/27/01, so he wasn't entitled to the August payment of $2,228.00. In Nov 2001, we collected a payment for $2,100.00. In Dec 2001, the bank returned the August direct deposit payment for $2,228.00. We overcollected on this debt so we will be processing a refund to the widow for $2,100.00.

Shirley

AO 283
(Rev. 3/00)

# ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS
# SCHEDULE TO EFFECT CORRECTION OF RECEIPT TRANSACTIONS

RECEIVED
U.S. ATTORNEY'S OFFICE
DISTRICT OF GUAM

2003 JAN -3 AM 9: 55

DISTRICT COURT OF GUAM - CLERK'S OFFICE

Court or Office

D.O. 4694

(D.O. Symbol)

Document I.D. _____

| TRANSFER FROM | ACCOUNTING INFORMATION | TRANSFER TO |
|---|---|---|
| 2003 | Budget FY | 2003 |
| 604700 | Fund | 6855XX |
| D09GUXC | Budget Org. | D09GUXC |
|  | Revenue Source |  |

If an Appropriated Fund is affected, complete the following:

|  | Cost Org. |  |
|---|---|---|
|  | Program |  |
|  | BOC |  |

Total Amount ............................................................... $ $2,900.00

Explanation of Transfer: CRIMINAL JUDGMENT FILED DECEMBER 2, 2002
CR. 02-00056, USA vs. CYNTHIA REYES GOGO
PAYMENT OF RESTITUTION (re Receipt No. 00213278 dtd. 10/28/02)



01/02/2003             Certified Correct for Adjustment as Stated.
Date        Financial Administrator                    Priscilla J.B. Quichocho
            Title                                      Signature

COPY

From: 01/01/02   To: 09/01/05

Case  CR-02-00056

| Date | Receipt | Client | Amount |
|---|---|---|---|
| 03/04/03 | 0021976 | GOGO, CYNTHIA R.<br>CR-02-00056<br>USA vs Cynthia R. Gogo<br>Restitution | $ 300.00 |
| 04/08/03 | 0022160 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>Re: USA vs Cynthia Reyes Gogo<br>Restitution | $ 200.00 |
| 06/09/03 | 0022501 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>Re: USA vs Cynthia Reyes Gogo<br>Restitution | $ 420.00 |
| 09/10/03 | 0023018 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs CYNTHIA REYES GOGO<br>Restitution | $ 200.00 |
| 11/17/03 | 0023424 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>RE: USA vs CYNTHIA REYES GOGO<br>Restitution | $ 200.00 |
| 12/08/03 | 0023533 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs CYNTHIA R. GOGO<br>Restitution | $ 200.00 |
| 01/07/04 | 0023672 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs CYNTHIA R. GOGO<br>Restitution | $ 200.00 |
| 03/09/04 | 0024016 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>RE: USA vs CYNTHIA REYES GOGO<br>Restitution | $ 700.00 |
| 04/05/04 | 0024184 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs CYNTHIA REYES GOGO<br>Restitution | $ 200.00 |
| 05/06/04 | 0024425 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs. Cynthia Reyes Gogo<br>Restitution | $ 200.00 |
| 07/09/04 | 0024786 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>RE: USA vs CYNTHIA REYES GOGO<br>Restitution | $ 320.00 |
| 08/16/04 | 0024979 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs CYNTHIA REYES GOGO<br>Restitution | $ 300.00 |
| 10/19/04 | 0025313 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs CYNTHIA REYES GOGO<br>Restitution | $ 200.00 |
| 12/07/04 | 0025566 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs CYNTHIA R. GOGO<br>Restitution | $ 300.00 |
| 01/06/05 | 0025704 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs CYNTHIA R. GOGO<br>Restitution | $ 200.00 |
| 03/07/05 | 0026024 | GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs CYNTHIA REYES GOGO | $ 400.00 |

| Date | Receipt | Client | Amount |
|---|---|---|---|
| 04/07/05 | 0026191 | Restitution<br>GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs CYNTHIA R. GOGO | $ 200.00 |
| 05/09/05 | 0026351 | Restitution<br>GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs CYNTHIA REYES GOGO | $ 200.00 |
| 07/11/05 | 0026718 | Restitution<br>GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs CYNTHIA REYES GOGO | $ 200.00 |
| 08/10/05 | 0026903 | Restitution<br>GOGO, CYNTHIA REYES<br>CR-02-00056<br>USA vs CYNTHIA R. GOGO<br>Restitution | $ 200.00 |